UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARRON DONNELL PRICE, <br><br> Plaintiff, <br><br> v. <br><br> ST. JOSEPH COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO. 3:23-CV-65-RLM-MGG |

OPINION AND ORDER

Jarron Donnell Price, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Price alleges that he was incarcerated at the St. Joseph County Jail from May 2020 until April 2021. He developed anal pain and bleeding during his stay. He saw an unknown health care provider, sued as Jane Doe, and told her he had a history of hemorrhoids. She performed an exam, diagnosed Mr. Price with internal hemorrhoids, and provided medication. When his condition didn't improve, he asked to see the provider again. She again examined him, diagnosed him with hemorrhoids,

and provided the same medication as before. His condition continued to worsen, and he saw the provider once or twice more. Each time, she refused to provide different medical treatment. When Mr. Price was transferred to another facility, a provider examined him and referred him to an outside medical facility, where he was diagnosed with an anal fistula, and surgically treated. He had no further pain or bleeding after that surgery.

Because Mr. Price is a pretrial detainee, his rights arise under the Fourteenth Amendment. Miranda v. Cnty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." Tucker v. Randall, 948 F.2d 388, 390–391 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. Miranda v. Lake County, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." Gonzalez v. McHenry Cnty., 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action was objectively unreasonable, the court must consider the "totality of facts and circumstances." Mays v. Dart, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process

Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." Miranda v. Lake County, 900 F.3d at 353-354.

Mr. Price has alleged facts from which it can be plausibly inferred that Jane Doe knowingly provided objectively unreasonable care for his serious medical condition. The court will grant Mr. Price leave to proceed against Jane Doe. The St. Joseph County Sheriff will be added as a defendant for purposes of identifying the unknown nurse and directed to provide her name.

Mr. Price also sued the St. Joseph County Jail, but that's a building, not an entity that can be sued. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). He can't proceed against the jail.

For these reasons, the court:

(1) GRANTS Jarron Donnell Price leave to proceed against Jane Doe (a nurse who treated his anal pain and bleeding while he was housed at the St. Joseph County Jail), in her individual capacity for compensatory and punitive damages for deliberate indifference to his pain and suffering by persisting in an ineffective course of treatment, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the St. Joseph County Jail, et al.;

(4) DIRECTS the clerk to add the St. Joseph County Sheriff in his official capacity as a defendant only for the purpose of identifying the unknown nurse;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means

to locate and serve process on) the St. Joseph County Sheriff at St. Joseph Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(6) WAIVES the St. Joseph County Sheriff's obligation to file an answer to the complaint;

(7) ORDERS the St. Joseph County Sheriff to appear and identify the unknown nurse who provided medical care for Mr. Price's anal pain and bleeding while he was housed at the St. Joseph County Jail by or before **August 31, 2023**, or show cause why he is unable to do so; and

(8) GRANTS Mr. Price until **September 28, 2023**, to amend his complaint to name the previously unknown nurse identified by the St. Joseph County Sheriff.

SO ORDERED on July 31, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT